```
                              FILED
                    CLERK, U.S. DISTRICT COURT

                         DEC 1 4 2010

                    CENTRAL DISTRICT OF CALIFORNIA
                    EASTERN DIVISION      BY DEPUTY
```

*Nunc Pro Tunc as of 11-10-2008*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA MITCHELL, Individually, and as Administratrix of the Estate of RAYMOND LEE MITCHELL, | Case No. EDCV 07-419-VAP (OPx) |
| Plaintiff, | **JURY INSTRUCTIONS** |
| v. | **GIVEN** |
| JERRY ABBOTT, MANUEL CAMPOS | |
| Defendants. | |

COURT'S INSTRUCTION NO. _**1**_

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

1

COURT'S INSTRUCTION NO. **2**

The evidence from which you are to decide what the facts are consists of:

1) the sworn testimony of any witness;

2) the exhibits which are received into evidence; and

3) any facts to which the lawyers have agreed.

COURT'S INSTRUCTION NO. **3**

The parties have agreed to certain facts in this case. You should therefore treat these facts as having been proved:

1) Raymond Mitchell was born on January 29, 1985.

2) Wanda Mitchell is Raymond Mitchell's mother and heir. Wanda was born on January 19, 1959.

3) Raymond Mitchell died on July 19, 2006.

4) At the time of their contact with Raymond Mitchell on July 19, 2006, defendant Abbott and defendant Campos acted under color of law.

5) At the time of their contact with Raymond Mitchell on July 19, 2006, defendant Abbott and defendant Campos acted within the course and scope of their duties as employees of the defendant County of Riverside and Riverside County Sheriff's Department.

COURT'S INSTRUCTION NO. **4**

In reaching your verdict, you may consider only the
testimony and exhibits received into evidence. Certain
things are not evidence, and you may not consider them
in deciding what the facts are. I will list them for
you:

1) Arguments and statements by lawyers are not
   evidence. The lawyers are not witnesses. What
   they have said in their opening statements, will
   say in their closing arguments, and at other times
   is intended to help you interpret the evidence, but
   it is not evidence. If the facts as you remember
   them differ from the way the lawyers have stated
   them, your memory of them controls.

2) Questions and objections by lawyers are not
   evidence. Attorneys have a duty to their clients
   to object when they believe a question is improper
   under the rules of evidence. You should not be
   influenced by the objection or by the court's
   ruling on it.

3) Testimony that has been excluded or stricken, or
   that you have been instructed to disregard, is not

4

evidence and must not be considered.   In addition
sometimes testimony and exhibits are received only
for a limited purpose; when I have given a limiting
instruction, you must follow it.

4)   Anything you may have seen or heard when the court
was not in session is not evidence.   You are to
decide the case solely on the evidence received at
the trial.

COURT'S INSTRUCTION NO. **5**

Some evidence may have been admitted for a limited purpose only.

When I have instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

COURT'S INSTRUCTION NO. **6**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. **7**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1) the opportunity and ability of the witness to see or hear or know the things testified to;

2) the witness's memory;

3) the witness's manner while testifying;

4) the witness's interest in the outcome of the case and any bias or prejudice;

5) whether other evidence contradicted the witness's testimony;

6) the reasonableness of the witness' testimony in light of all the evidence; and

7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who

testify about it.

COURT'S INSTRUCTION NO. **8**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION NO. _____**9**_____

The law allows expert witnesses to be asked questions that are based on assumed facts.  These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts,  you consider whether the assumed facts are true.

Hypothetical questions must be based on facts that are supported by the evidence, and should not omit essential material facts.

If you believe a hypothetical assumption has not been proven, you should determine the effect of that failure of proof on the value and weight of the expert opinion based on that assumption.

11

COURT'S INSTRUCTION NO. **10**

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

COURT'S INSTRUCTION NO. **11**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

13

COURT'S INSTRUCTION NO. **12**


California Welfare and Institutions Code Section
5150 provides in relevant part that "when any person,
as a result of mental disorder, is a danger to others,
or to himself or herself," a peace officer can take him
or her into custody and place him or her in a mental
health facility.

14

COURT'S INSTRUCTION NO. **13**

The plaintiff, Wanda Mitchell, brings two of her
claims under a federal statute, 42 U.S.C. section 1983,
which provides that any person or persons who, under
color of law, deprives another of any rights,
privileges, or immunities secured by the Constitution
or laws of the United States shall be liable to the
injured party.

COURT'S INSTRUCTION NO. **14**

In order to prevail on her section 1983 claims against the defendant Abbott, defendant Campos, and defendant County of Riverside, the plaintiff, Wanda Mitchell, must prove, by a preponderance of the evidence, that the acts of defendant Abbott and defendant Campos deprived the plaintiff of her particular rights under the United States Constitution as explained in later instructions.

The parties have stipulated or agreed that another element – defendant Abbott and defendant Campos acted under color of law – is satisfied.  If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under the instructions that follow, then your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, then your verdict should be for the defendants.

COURT'S INSTRUCTION NO.  15

**SECTION 1983 CLAIM – VIOLATION OF FOURTH AMENDMENT**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in taking a person into custody under California Welfare and Institutions Code section 5150. Thus, in order to prove an unreasonabl17e seizure in this case, the plaintiff Wanda Mitchell must prove by a preponderance of the evidence that defendant Abbott and defendant Campos used excessive force when attempting to take Raymond Mitchell into custody under California Welfare and Institutions Code section 5150.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

17

1)   The severity of the crime or other
     circumstances to which the officers were
     responding;

2)   Whether the decedent, Raymond Mitchell, posed
     an immediate threat to the safety of the
     officers or to others;

3)   Whether the decedent, Raymond Mitchell, was
     actively resisting being taken into custody
     under California Welfare and Institutions Code
     section 5150;

4)   The amount of time and any changing
     circumstances during which the officers had to
     determine the type and amount of force that
     appeared to be necessary;

5)   The type and amount of force used; and

6)   The availability of alternative methods to take
     the decedent, Raymond Mitchell, into custody.

COURT'S INSTRUCTION NO. 

## SECTION 1983 CLAIM – VIOLATION OF FOURTEENTH AMENDMENT

Plaintiff Wanda Mitchell also is bringing a claim for violation of her Fourteenth Amendment due process liberty interest in companionship and society with her son.   This is referred to as the Due Process claim brought by Wanda Mitchell.

COURT'S INSTRUCTION NO.  17

A parent has a constitutionally protected liberty
interest under the Fourteenth Amendment in the
companionship and society of her child.

COURT'S INSTRUCTION NO. __18__

Plaintiff Wanda Mitchell has the burden of proving each of the following elements by a preponderance of the evidence with regard to the Fourteenth Amendment Due Process claim brought on her behalf:

1) The defendants acted under color of law;

2) The defendants' conduct "shocks the conscience;" and

3) The defendants' conduct caused Raymond Mitchell's death.

A defendant's conduct "shocks the conscience" when the defendant acted with a purpose to harm. "Purpose to harm" means the intent to inflict force which is beyond a legitimate law enforcement objective. If you find that each of the elements on which the plaintiff Wanda Mitchell has the burden of proof have been proved, your verdict should be for plaintiff Wanda Mitchell. If, on the other hand, plaintiff Wanda Mitchell has failed to prove any of these elements, your verdict should be for defendants.

21

COURT'S INSTRUCTION NO. **19**


Acts are done "under color of law" when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated, or agreed, that defendant Abbott and defendant Campos acted under color of law.

COURT'S INSTRUCTION NO. **20**

## NEGLIGENCE CLAIM

Plaintiff Wanda Mitchell claims Raymond Mitchell was harmed by defendants' negligence.  To establish this claim, plaintiff must prove the following:

1)   That the defendants were negligent;

2)   That the defendants' negligence was a substantial factor in causing Raymond Mitchell's death.

COURT'S INSTRUCTION NO. **21**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act.   A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You should decide how a reasonably careful person would have acted in defendant Abbott's and defendant Campos's situation.

COURT'S INSTRUCTION NO. **22**

A substantial factor in causing harm is a factor
that a reasonable person would consider to have
contributed to the harm, that is, the death of Raymond
Mitchell.  It must be more than a remote or trivial
factor.  It does not have to be the only cause of the
harm.

COURT'S INSTRUCTION NO. **23**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

26

COURT'S INSTRUCTION NO. **24**

During this phase of the trial, you are only being asked to decide liability.  You are not being asked to decide any issue regarding damages and you should not speculate on such issues.

COURT'S INSTRUCTION NO. **25**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

COURT'S INSTRUCTION NO. **26**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.